# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Tommy Hilfiger Licensing LLC, et al.

                               Plaintiff,

v.                                          Case No.: 1:20−cv−07477

                                                     Honorable Matthew F. Kennelly

calvinklein.us.org, et al.

                               Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 24, 2021:

       MINUTE entry before the Honorable Matthew F. Kennelly: Defendant HHB BABY Store has moved to dismiss the trademark infringement claims of plaintiffs Tommy Hilfiger Licensing LLC, Calvin Klein Trademark Trust, and Calvin Klein, Inc. (collectively, Hilfiger) for lack of personal jurisdiction and for insufficient service of process. (1) At this stage, Hilfiger must make a prima facie case for personal jurisdiction, and it is entitled to have disputed facts resolved in its favor. *See Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392−93 (7th Cir. 2020). Hilfiger has offered evidence tending to show that HHB BABY, though not physically located in Illinois or even in the United States, operated an interactive website through which it purposefully offered products for sale to consumers, including consumers located in Illinois, who would then select an address where the products should be shipped, including Illinois as one of the options. This is enough to amount to HHB BABY having purposefully availed itself of doing business in Illinois. *See id.* at 399. Because Hilfiger's claims against HHB BABY are related to contacts of this type, personal jurisdiction exists over HHB BABY in a court located in Illinois. (2) Hilfiger has also established that electronic service of process on HHB BABY was proper, because it was authorized by the Court under Fed. R. Civ. P. 4(f)(3) and not prohibited by any international agreement, and was reasonably calculated to apprise HHB BABY of the lawsuit. In particular, the Hague Convention does not apply because HHB BABY's physical address was unknown and not published on its e−commerce store or available from AliExpress, the platform that hosts the website on which HHB BABY, evidently a Chinese entity, operates its store. Hilfiger also reasonably established a need for prompt action−−specifically to obtain an injunction preventing ongoing infringement−−that would have been defeated if service were undertaken via the Chinese Central Authority, which typically takes six months at a minimum. The fact that HHB BABY provided Hilfiger with a purported physical address after service was accomplished via e−mail pursuant to the Court's authorization is of no consequence and in fact tends to establish that the e−mail service−−which HHB BABY obviously was aware of by that point−−was reasonably calculated to provide it with notice of the lawsuit. For these reasons, the Court denies HHB BABY's motion to dismiss [40] and directs it to file an answer to the complaint by no later than April 21, 2021. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.